UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RYAN PALMER<br>c/o his attorneys Tittle & Perlmuter<br>4106 Bridge Avenue<br>Cleveland, OH 44113<br><br>On behalf of himself and all others<br>similarly situated,<br><br>       Plaintiff,<br>  v.<br><br>PROGRESSIVE CASUALTY<br>INSURANCE COMPANY<br>6300 Wilson Mills Road<br>Mayfield Village, OH 44143<br><br>       Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW** |

Plaintiff Ryan Palmer, through counsel, respectfully files this Class and Collective Action Complaint against Defendant Progressive Casualty Insurance Co.

## INTRODUCTION

1. This case challenges practices of Defendant by which it willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Constitution art. II, § 34a, the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, and the Ohio Prompt Pay Act § 4113.15.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of themselves or himself and other employees similarly situated."

Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of classes of persons, defined herein, who assert factually-related claims under the Ohio overtime compensation statute and the Ohio Prompt Pay Act (the "Ohio Classes").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Ryan Palmer was a citizen of the United States and a resident of Cuyahoga County, Ohio.

8. Defendant Progressive Casualty Insurance Co. is an Ohio corporation headquartered at 6300 Wilson Mills Road, Mayfield Village, OH 44143.

## FACTUAL ALLEGATIONS

### Defendant's Business

9. Defendant is engaged in the sale and servicing of casualty insurance policies throughout the United States.

10. In order to engage in this principal business, Defendant utilizes employees who perform insurance sales and servicing in office settings.

11. One group of employees is called "Client Relationship Management," or "CRM." Client relationship management utilizes various methods and techniques, including email, live talk, phone interchanges, web-based social networking, and showcasing devices, to pursue, engage in, and support client communications and fulfillment throughout the customer lifecycle.

12. Defendant maintains and provides a toolbox of programs, computer networks, and web-based systems to CRM employees. Use of these programs, networks, and systems is integral and indispensable to the employees' engagement in client relationship management for Defendant's benefit.

### Defendant's Employment of Plaintiff, the Opt-Ins, and Class Members

13. Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and all Ohio Class Members worked for Defendant as non-exempt employees.

14. Plaintiff Ryan Palmer worked fulltime for Defendant from November 2017 to June 2020. From November 2018 to the end of his tenure he was assigned to CRM.

15. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Defendant Failed to Pay Employees for All Hours Worked**

16. The FLSA and Ohio law required Defendant to pay employees for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

17. Defendant did not pay Plaintiff, the Opt-Ins, and the Ohio Class Members for all of the hours they were suffered or permitted to work. Rather, Defendant expected and required them to perform unpaid work before the start of their paid shifts.

18. Commencing in, at the latest, January 2020, Defendant required CRM employees to prepare for their workdays before their scheduled start times. That meant and included starting and logging into CRM's toolbox of programs, computer networks, and web-based systems before the start of their paid shifts. Defendant insisted that employees be able to field customer calls and engage in other CRM duties at and from the start of their paid shifts. To do so, employees were required to arrive early and spend substantial periods of time, consisting of five minutes or longer, starting up and logging into the CRM programs, networks, and systems. As a matter of policy, employees were not permitted to do so after the start of their paid shifts.

19. This required process of starting up and logging into the toolbox of CRM programs, networks, and systems was integral and indispensable to the employees'

4

principal activity of customer relationship management, and it directly benefitted Defendant.

20. As a result of Defendant's requirements and pay policies, Plaintiff, the Opt-Ins, and the Ohio Class Members were deprived of pay for hours worked.

21. Plaintiff, the Opt-Ins, and the Ohio Class Members frequently worked forty or more hours per workweek. They would have received overtime compensation, or additional overtime compensation, if they had been paid for all hours worked.

## Miscalculation and Underpayment of Overtime Pay

22. The FLSA and Ohio law required Defendant to pay overtime compensation to its hourly employees at one and one-half times their "regular rate," and to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee" including non-discretionary bonuses. 29 U.S.C. § 207(e)(3); 29 C.F.R. 778.117; Ohio Rev. Code Ann. § 4111.03(A) (incorporating FLSA standards).

23. Defendant unlawfully excluded one or more bonuses and other components of compensation paid to hourly employees in determining their "regular rates" for purposes of overtime compensation. Defendant thereby miscalculated and underpaid the overtime compensation it paid to hourly employees, including Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members.

24. Among other omissions, Defendant's calculation of hourly employees' "regular rate" for overtime purposes improperly excluded the annual bonuses paid to them pursuant to Defendants' "Gainshare" plan. The Gainshare plan does not constitute

5

and qualify as a "bona fide profit-sharing plan" under the FLSA and applicable regulations. *See* 29 U.S.C. § 207(e)(3); 29 C.F.R. §§ 549.1, 549.2.

25. As a result of Defendant's improper exclusion of one or more components of remuneration in determining employees' "regular rate," overtime payments to Plaintiff, the Opt-Ins, and the Ohio Class Members were miscalculated and underpaid.

**The Willfulness of Defendant's Violations**

26. Defendant knew that Plaintiff, the Opt-Ins, and the Ohio Class Members were entitled to compensation, including overtime compensation, under federal and state law, or acted in reckless disregard for whether they were so entitled.

27. Defendant intentionally and willfully deprived employees of compensation, including overtime compensation, thus knowingly violating FLSA and state-law mandates. Defendant designed its requirements and pay policies in an attempt to reduce employees' paid hours and circumvent federal and state laws.

**COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

30. The Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All non-exempt, full-time employees of Defendant who worked in Customer Relationship Management and were required to log into CRM programs, networks, and systems at the beginning of their shifts during the period three years preceding the commencement of this action to the present.
>
> —and—
>
> All non-exempt employees of Defendant who received Gainshare bonuses and worked more than forty hours in one or more workweeks during the period three years preceding the commencement of this action to the present.

31. Plaintiff is a member of both groups.

32. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were subject to and injured by Defendant's unlawful requirements and pay policies and all have the same claims against Defendant for overtime compensation, as well as for liquidated damages, attorneys' fees, and costs.

33. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that all such persons may be sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

34. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff brings this case on behalf of himself and other members of proposed Ohio Classes, defined as:

37. All non-exempt, full-time employees of Defendant who worked in Customer Relationship Management and were required to log into CRM programs, networks, and systems at the beginning of their shifts during the period two years preceding the commencement of this action to the present.

—and—

All non-exempt employees of Defendant who received Gainshare bonuses and worked more than forty hours in one or more workweeks during the period two years preceding the commencement of this action to the present.

38. The Ohio Classes are so numerous that joinder of all class members is impracticable. Plaintiff avers, upon information and belief, that the number of Ohio Class Members exceeds 100 employees of Defendant. The number of class members as well as their identities are ascertainable from records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

39. Questions of law or fact common to the Ohio Classes predominate, including but not limited to:

   a) Whether Defendant required Plaintiff and other class members to perform compensable work before the start of their paid shifts.

   b) Whether Defendant's requirements and pay policies deprived Plaintiff and other class members pay for hours worked.

   c) Whether Plaintiff and other class members would have received overtime compensation, or additional overtime compensation, if they had been paid for all hours worked.

d) Whether Gainshare bonuses were includable in the calculation of hourly employees' "regular rate" for overtime purposes;

  e) Whether Defendant miscalculated and underpaid the overtime compensation of employees who received Gainshare bonuses;

  f) Whether Defendant's requirements and pay policies violated Ohio law.

40. Plaintiff's claims are typical of the claims of other class members. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

41. Plaintiff will fairly and adequately protect the interests of the Ohio Class Members. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of Ohio Class Members in this case.

42. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to class members, listed above, are common to the classes as a whole, and predominate over any questions affecting only individual class members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense,

and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent pursuant to § 216(b) will be filed with the Court.

46. The FLSA required Defendant to pay its non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

47. Defendant failed to pay overtime compensation to Plaintiff and the Opt-Ins for all hours worked in excess of forty hours in a workweek. As more fully described above, Defendant, in violation of law, required them to perform unpaid, integral work before the start of their paid shifts. They would have received overtime compensation, or additional overtime compensation, if they had been paid for all hours worked.

48. Defendant further miscalculated and underpaid its overtime payments to Plaintiff and the Opt-Ins who received Gainshare and other bonuses properly includable in their "regular rate." Defendants violated the FLSA's requirement that hourly employees receive overtime compensation at one and one-half times their "regular rate," and that the calculation of that rates include "all remunerations for employment paid to,

or on behalf of, the employee" including non-discretionary bonuses. 29 U.S.C. § 207(e)(3); 29 C.F.R. 778.117.

49. Defendant unlawfully excluded one or more bonuses and other components of compensation paid to hourly employees in determining their "regular rates" for purposes of overtime compensation. Defendant thereby miscalculated and underpaid the overtime compensation it paid to hourly employees, including Plaintiff and the Potential Opt-Ins. *See* 29 U.S.C. § 207(e)(3); 29 C.F.R. §§ 549.1, 549.2.

50. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

51. As a result of Defendant's violations of the FLSA, Plaintiff and the Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Overtime Violations)**

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself, the Opt-Ins, and the Ohio Class Members.

54. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

55. Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to employees when due.

56. Defendant miscalculated and underpaid its overtime payments to Plaintiff and the Opt-Ins who received Gainshare and other bonuses properly includable in their "regular rate." Defendants violated the requirement of Ohio law that hourly employees receive overtime compensation at one and one-half times their "regular rate," and that the calculation of that rates include "all remunerations for employment paid to, or on behalf of, the employee" including non-discretionary bonuses. 29 U.S.C. § 207(e)(3); 29 C.F.R. 778.117; Ohio Rev. Code Ann. § 4111.03(A) (incorporating FLSA standards).

57. Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Opt-Ins, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

58. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

### COUNT THREE
**(Ohio Prompt Pay Act Violations)**

59. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60. The Ohio Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

61. Defendant failed to pay all wages due under the Ohio Prompt Pay Act to Plaintiff, the Opt-Ins in Ohio, and the Ohio Class Members. The Act entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## COUNT FOUR
### (Ohio Record-Keeping Violations)

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. The Ohio Fair Minimum Wage Amendment ("OMFWA"), Ohio Constitution art. II, § 34a, required Defendant to maintain accurate and complete records of employees' time. Ohio Const. art. II, § 34a.

64. Defendants violated the OMFWA's record-keeping requirement by failing to maintain accurate and complete records of employees' time.

65. As a result of Defendant's record-keeping violations, Plaintiff, the Opt-Ins in Ohio, and the Ohio Class Members were injured in that Defendant does not have accurate and complete records of their working hours.

## COUNT FIVE

**(Declaratory Judgment)**

66. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

67. Under Ohio Revised Code § 2721.02, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

68. Pursuant to Ohio Revised Code §§ 2721.01 to 2721.15, Plaintiff, the Opt-Ins in Ohio, and the Ohio Class Members have a justiciable controversy with Defendant.

69. A declaratory judgment will aid in determining the rights and obligations of the parties.

70. Plaintiff asks the Court to declare, among other appropriate declarations, that Defendant's policy and practice of requiring employees to perform compensable work before the start of their paid shifts violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, and Ohio Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the proposed Ohio Classes;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

14

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award compensatory damages to Plaintiff and the Ohio Class Members pursuant to § 4113.15(A), in the amount of their unpaid wages, as well as liquidated damages in the amount of 6% of claim still unpaid or $200 per claim, whichever is greater;

F. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
4106 Bridge Avenue
Cleveland, OH 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)